IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------x
JOSEPH WHITE,                                          :
on behalf of Plaintiff and a class,                    :
                                                       :
                      Plaintiff,                       :
                                                       :
         vs.                                           :
                                                       :
UNITED COLLECTION BUREAU, INC.,                        :
                                                       :
                      Defendant.                       :
---------------------------------------------------------x

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.  Plaintiff Joseph White brings this action to secure redress regarding unlawful collection practices engaged in by Defendant United Collection Bureau, Inc. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331.

3.  Plaintiff's private information was wrongfully disclosed by Defendant to an unauthorized third party, causing injury to Plaintiff which can be redressed by an award of damages.

4.  Venue in this District is proper because Defendant's collection letter was received here.

### PARTIES

#### Plaintiff

5.  Plaintiff Joseph White is a natural person residing in Brooklyn, New York.

#### Defendant

6.  Defendant United Collection Bureau, Inc., is an Ohio corporation which does business

in New York.  Its principal place of business Is 5620 Southwyck Blvd., Toledo, Ohio 43614.  Its registered agent and office is Corporation Service Company,  80 State Street, Albany, New York 12207-2543.

7. Defendant United Collection Bureau, Inc. is engaged in the sole or principal business of a collection agency, collecting consumer debts and using the mails and telephone system for that purpose.

8. Upon information and belief, almost all of Defendant United Collection Bureau, Inc.'s resources are devoted to debt collection.

9. Upon information and belief, almost all of Defendant United Collection Bureau, Inc.'s revenue is derived from debt collection.

10. Upon information and belief, almost all of Defendant United Collection Bureau, Inc.'s expenses are related to debt collection.

11. Defendant United Collection Bureau, Inc., states that it "assists in the accounts receivable process for healthcare facilities, financial services businesses and government entities." (https://ucbinc.com/)

12. Defendant United Collection Bureau, Inc. is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

13. This action arises out of Defendant's attempts to collect a credit card debt incurred for personal, family or household purposes.

14. On or about July 28, 2020, Defendant United Collection Bureau, Inc. caused a letter vendor to send Plaintiff the letter in Exhibit A.

15. The letter bears markings that are characteristic of one generated by a letter vendor. In addition, public court filings indicate that United Collection Bureau, Inc. uses a letter vendor.

16. In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

17. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

18. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

19. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

20. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

21. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

22. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector."

23. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

24. Due to Defendant's communication to this letter vendor, information about Plaintiff is within the possession of an unauthorized third-party.

25. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.,* 804 F.3d 740, 743 (6th Cir. 2015).

26. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

27. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

28. Plaintiff incorporates paragraphs 1-27.

29. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

30. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

**CLASS ALLEGATIONS**

31. Plaintiff brings this action on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and (b)(3).

32. The class consists of (a) all individuals in New York (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

33. Plaintiff may alter the class definition to conform to developments in the case and discovery.

34. On information and belief, based on the size of Defendant's business operations and the use of form letters, the class is so numerous that joinder of all members is not practicable.

35. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

36. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

37. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

      i.    Statutory damages;

      ii.    Attorney's fees, litigation expenses and costs of suit;

      iii.    Such other and further relief as the Court deems proper.

*s/ Abraham Kleinman*
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR PLAZA
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

pro hac vice to be applied for:

Dulijaza (Julie) Clark
**EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC**
20 S. Clark Street, Suite 1500
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

*s/ Abraham Kleinman*
Abraham Kleinman

# **EXHIBIT A**

Page 1

UNITED COLLECTION BUREAU, INC.
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614

July 28, 2020

JOSEPH N WHITE

Creditor:
Regarding:
Last Four Digits of Creditor Account Number:
United Collection Bureau, Inc. Reference Number:
Account Balance:

Dear JOSEPH N WHITE:

This communication is in regard to your ▮▮▮▮▮ account.

Unless you dispute the validity of this debt or any portion thereof, please make your payment to ▮▮▮ at the remit address below or call our office for arrangements.

The below is an itemized accounting of the debt as required by state statute:

| | |
|---|---|
| Original Creditor: | |
| Total of debt due at charge-off: | |
| Total of interest post charge-off: | $0.00 |
| Total of non-interest charges/fees post charge-off: | $0.00 |
| Total of other credits post charge-off: | $0.00 |
| Total of payments post charge-off: | $0.00 |
| Total of NSFs/other debits post charge-off: | $0.00 |

You may call our office toll free at 1-800-935-1798, or if you require Telecommunication Relay Service (TRS), please dial 711. Please refer to reference number 56181970.

Please scan the QR code below to be directed to our website to make a payment, or you can go to: www.ucbinc.com, click on make a payment and follow the prompts.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

78CU027000CDNNY

PLEASE RETURN THIS PORTION WITH PAYMENT. DO NOT ATTACH CHECK TO STUB
PLEASE MAKE YOUR PAYMENT PAYABLE TO CITIBANK.

Creditor:
Regarding:

UNITED COLLECTION BUREAU, INC.
5620 SOUTHWYCK BLVD SUITE 206
TOLEDO OH 43614

July 28, 2020

Continuation from Page 1

JOSEPH N WHITE
[redacted]

Creditor: [redacted]
Regarding: [redacted]
Last Four Digits of Creditor Account Number: [redacted]
United Collection Bureau, Inc. Reference Number: [redacted]
Account Balance: [redacted]

In accordance with the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., debt collectors are prohibited from engaging in abusive, deceptive, and unfair debt collection efforts, including but not limited to: (i) the use or threat of violence; (ii) the use of obscene or profane language; and (iii) repeated phone calls made with the intent to annoy, abuse, or harass.

If a creditor or debt collector receives a money judgment against you in court, state and federal laws may prevent the following types of income from being taken to pay the debt: 1. Supplemental security income, (SSI); 2. Social security; 3. Public assistance (welfare); 4. Spousal support, maintenance (alimony) or child support; 5. Unemployment benefits; 6. Disability benefits; 7. Workers' compensation benefits; 8. Public or private pensions; 9. Veterans' benefits; 10. Federal student loans, federal student grants, and federal work study funds; and 11. Ninety percent of your wages or salary earned in the last sixty days.

Please contact the undersigned with respect to any questions or concerns you may have.

Sincerely,
Brian Macionsky
United Collection Bureau, Inc.

This is an attempt to collect a debt by United Collection Bureau, Inc., a debt collector, and any information obtained will be used for that purpose.

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

78CU027000CDNNY

PLEASE RETURN THIS PORTION WITH PAYMENT DO NOT ATTACH CHECK TO STUB
PLEASE MAKE YOUR PAYMENT PAYABLE TO CITIBANK

Creditor: [redacted]
Regarding: [redacted]

When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction.

If you have a concern about the way we are collecting this debt, please email us at UCBCompliance@ucbinc.com or please call our toll-free Consumer Service Hotline at 1-866-209-0622.

We are required under state and city law to notify consumers of the following rights. This list does not include all rights consumers have under state, city, and federal law.

**THE STATE OF CALIFORNIA REQUIRES THAT WE FURNISH RESIDENTS OF CALIFORNIA WITH THE FOLLOWING INFORMATION:** The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov. Nonprofit credit counseling services may be available in the area. For the purposes of collecting this debt, we may collect personal information about you including your name, social security number, employment information, information concerning your financial ability to pay this debt, bank and credit card account information, your location and other contact information including your telephone number and email address, and any information you provide through our website including your ip address. A copy of our privacy policy may be found at www.ucbinc.com.

**THE STATE OF COLORADO REQUIRES THAT WE FURNISH RESIDENTS OF COLORADO WITH THE FOLLOWING INFORMATION:** FOR INFORMATION ABOUT THE COLORADO FAIR DEBT COLLECTION PRACTICES ACT, SEE WWW.COAG.GOV/CAR. A consumer has the right to request in writing that a debt collector or collection agency cease further communication with the consumer. A written request to cease communication will not prohibit the debt collector or collection agency from taking any other action authorized by law to collect the debt. Payments can be made in person at: Colorado Manager, Inc., 8690 Wolff Court, Suite 110, Westminster, Colorado 80031, 303-920-4763.

**THE STATE OF IDAHO REQUIRES THAT WE FURNISH RESIDENTS OF IDAHO WITH THE FOLLOWING INFORMATION:** Toll Free 1-866-209-0622 during normal business hours.

**THE STATE OF KANSAS REQUIRES THAT WE FURNISH RESIDENTS OF KANSAS WITH THE FOLLOWING INFORMATION:** An investigative consumer report, which includes information as to your character, general reputation, personal characteristics and mode of living, may have been requested. You have the right to request additional information, which includes the nature and scope of the investigation.

**THE STATE OF MAINE REQUIRES THAT WE FURNISH RESIDENTS OF MAINE WITH THE FOLLOWING INFORMATION:** Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday, 8:00 a.m. to 5:00 p.m.

**THE STATE OF MASSACHUSETTS REQUIRES THAT WE FURNISH RESIDENTS OF MASSACHUSETTS WITH THE FOLLOWING INFORMATION:** You have the right to make a written or oral request that telephone calls regarding your debt not be made to you at your place of employment. Any such oral request will be valid for only ten days unless you provide written confirmation of the request postmarked or delivered within seven days of such request. You may terminate this request by writing to the debt collector. Hours of operation (ET): Monday through Thursday, 8:00 a.m. to 8:00 p.m.; Friday, 8:00 a.m. to 5:00 p.m.

**THE STATE OF MINNESOTA REQUIRES THAT WE FURNISH RESIDENTS OF MINNESOTA WITH THE FOLLOWING INFORMATION:** This collection agency is licensed by the Minnesota Department of Commerce.

**THE CITY OF NEW YORK REQUIRES THAT WE FURNISH RESIDENTS OF NEW YORK CITY WITH THE FOLLOWING INFORMATION:** New York City Department of Consumer Affairs License Number 1004887. This collection agency conducts business primarily in English. However, we may employ foreign language speakers from time to time and may, at the request of a consumer, accommodate verbal communication in a foreign language when available. While we do not offer translation services some, but not all, standard written communications produced by us may be available in Spanish at the request of a consumer. A translation and description of commonly-used debt collection terms is available in multiple languages on the New York City Department of Consumer Affair's website, www.nyc.gov/dca.

**THE STATE OF NORTH CAROLINA REQUIRES THAT WE FURNISH RESIDENTS OF NORTH CAROLINA WITH THE FOLLOWING INFORMATION:** North Carolina Permit Numbers: 101866, 113029, 3843, 113517, and 4367.

**THE STATE OF TENNESSEE REQUIRES THAT WE FURNISH RESIDENTS OF TENNESSEE WITH THE FOLLOWING INFORMATION:** This collection agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**THE STATE OF WISCONSIN REQUIRES THAT WE FURNISH RESIDENTS OF WISCONSIN WITH THE FOLLOWING INFORMATION:** This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutions, www.wdfi.org.

UCBV20 06.29.20